CATHARINE GRIFFIN, Respondent, *v.* ALBERT DUBOIS, Appellant.

First Department, June 16, 1939.

*Louis S. Posner* of counsel [*Benjamin Gassman* and *Arthur L. Davis* with him on the brief; *Arthur L. Davis*, attorney], for the appellant.

*Philip B. Heller* of counsel [*Binder Brothers*, attorneys], for the respondent.

O'MALLEY, J.  Plaintiff sued on a bond in the sum of $5,400 secured by a second mortgage executed in 1904.  By mesne assignments plaintiff became the owner of the bond and mortgage in 1919 at which time defendant had become the owner of the property.

When this action was begun a first mortgage on the property had been foreclosed and the property bought in by the first mortgagee.  The complaint contained allegations essential to sustain an action on a second mortgage bond after foreclosure of a prior lien.

The first defense alleged usury in an extension agreement of five years given by plaintiff when she acquired the bond and mortgage in 1919; that she exacted a bonus of $500 cash and an agreement by defendant that he would pay seven per cent interest after plaintiff had first demanded ten per cent; that there was usury in a second extension agreement of five years made in 1923, plaintiff then exacting a bonus of $300 and like interest; and usury in a third extension agreement in 1929 when plaintiff again exacted a further bonus of $300 and like interest of seven per cent.

A further defense and counterclaim was predicated upon an alleged agreement by plaintiff to accept $150 in full satisfaction of the bond and mortgage which was to be paid by the first mortgagee to defendant in consideration of a deed to avoid foreclosure of the first mortgage; that after this agreement had been fully consummated plaintiff wrongfully demanded and secured return of the satisfaction given by her and returned the check to defendant, by means of unlawful and improper intimidation by way of a threat of criminal prosecution against defendant's then attorney for alleged fraud in the settlement.  The counterclaim asked performance of the alleged agreement to satisfy the mortgage for the sum of $150.

The reply denied the allegations of the counterclaim and interposed defenses of fraud and conspiracy in connection with the alleged accord and satisfaction.  The issues thus raised were submitted to the jury and the verdict was in favor of plaintiff for the full amount of the bond, with interest.

Assuming, without conceding, that the evidence was sufficient to warrant a verdict in plaintiff's favor upon the issues (1) as to whether the cash bonuses were exacted by plaintiff and paid by

defendant, and (2) with respect to the defense of accord and satisfaction, we are of opinion that the finding that illegal interest was not exacted and paid is against the weight of the evidence. Plaintiff admittedly received from defendant for a period of over fourteen years semi-annual checks in the sum of $189. This was interest at the rate of seven per cent. The only explanation she could offer was that she never calculated the interest and supposed it was at the legal rate and that she did not discover otherwise until informed by her counsel in 1937. She professed unfamiliarity with financial matters, but admitted that she would have been able to determine what the legal rate of six per cent would have amounted to if she had stopped to consider. Under cross-examination she testified: " Q. Do you know what 6% on $5,400 a year amounts to? A. After it was explained to me, I do. Q. Do you know now what it amounts to? A. I do know now. Q. How much? A. I couldn't answer right off. I would have to figure it. I would have to have somebody figure it for me. Q. You mean to say you could not figure the rate of 6% on $5,400? A. If I sat down long enough, I could."

Admitting for the moment the possibility of mistake on plaintiff's part, this does not explain a similar mistake on the part of defendant. The question naturally arises why he should have paid excessive interest for a period of over fourteen years if he did not feel obligated to pay it under his agreement with plaintiff.

It is our opinion that the finding of the jury that the agreement between the parties upon the rate of interest to be paid was not tainted with usury was against the weight of the evidence.

It follows, therefore, that the judgment should be reversed and a new trial granted, with costs to the appellant to abide the event.

Martin, P. J., Townley, Untermyer and Dore, JJ., concur.

Judgment unanimously reversed and a new trial granted, with costs to the appellant to abide the event.